as a bit of a background, the defendant in this case, Wilbert Edwards, was convicted of four counts of predatory criminal sexual assault of a child, basically involving two children, then six-year-old S.S. and then eight-year-old M.L. On direct appeal, this court affirmed the judgments of convictions and sentences, and in that opinion, this court also found that the children's statements that were given to other persons were reliable enough that they could be admissible under 11510 of the Code of Criminal Procedure. The evidence at trial also showed that the defendant made statements to the police implicating himself in the crime which were consistent with the children's statements and with their trial testimony. This was a bench trial that was conducted before Judge White. Following the direct appeal, the defendant made a post-conviction petition wherein he raised numerous claims. That was dismissed originally at first stage, and this court reversed, finding that the plaintiff's claim was just of a meritorious claim regarding whether he was shackled during the proceedings without the requisite hearing. Ultimately, the post-conviction judge, who was different from Judge White because he had retired at that point, was Judge Jones, and she granted relief to the defendant on one basis. That basis was that trial counsel, who was Ira Goldstein, was ineffective in failing to object when Judge White conducted in-camera interviews with the children when attempting to ascertain if they should be allowed to testify via closed-circuit television. Notably, Judge Jones also did not find that Judge White did anything wrong, but simply that Ira Goldstein was ineffective in failing to make a record. Judge Jones also did not find that appellate counsel was ineffective in not raising the issue on review. Therefore, Judge Jones vacated the convictions and ordered a new trial. We're asking this court to reverse. First, I'd like to address the standard of review in this case, and I know generally after an evidentiary hearing was held in this case. After an evidentiary hearing, the standard is usually the manifestly erroneous standard. However, I believe that Judge Jones did not make any specific findings of fact based on that evidentiary hearing, and therefore the standard of review should be de novo before this court. Also, I would suggest the standard of law should be de novo because counsel for defendant or defendant suggests that this court should affirm on a basis different than Judge Jones. Of course, finding that Judge Jones' decision about whether Judge White did anything wrong was error, of course, to get to reversal, and I'm not sure how we can apply a manifestly erroneous standard if this court's going to affirm on a different basis than Judge Jones. We review judgments, not the reasoning for judgments. We can affirm for any basis that is clear in the record. That's included in the record. However, I also would point out that this court can't affirm on a basis that was not raised in the post-conviction petition, that any issue that was not raised in the post-conviction petition is waived. One of the basis that I believe counsel is suggesting that this court should affirm on is that Judge White should have recused himself from the proceedings after he conducted this in-camera interview with the children. That was never an issue that was raised in the post-conviction petition, and I don't believe that this court should affirm on any basis that it was never raised below. And speaking of, was this an issue that could have been raised on direct appeal? Whether... The in-camera, the issue that was raised in the post-conviction petition, that is that Judge White had an in-camera discussion with these witnesses with no attorney, neither attorneys nor court reported present. Could that have been raised on direct appeal? Yes, it could have been raised on direct appeal. It was a record. But the state didn't raise a waiver argument. I'm sorry? Then if it could have been raised on direct appeal, would that not arguably be waived? We did raise a waiver argument in the trial court, yes. Before the post-conviction court. But you haven't raised it here. We did not raise it here, no. Because she went to the ineffective assistance of counsel, and that was the only issue that was raised in post-conviction relief. In any event, the issue that Judge Jones granted relief on was an ineffective assistance of counsel claim. That, of course, requires a showing that Ira Goldstein was ineffective in failing to object. And, of course, that there was resulting prejudice as a result of the failure to object. That resulting prejudice would have had to have been a showing that somehow the outcome of the trial, this bench trial before Judge White, would have been different. And the state suggests that no one to date, not post-conviction counsel below or appellate counsel before this court, has established what that prejudice is. And as an example of just the levels of speculation that one would have to go through to get to What post-conviction counsel alleged in the petition was, had defendant's counsel insisted on being present for the trial court's meeting with the alleged victims, the questioning and assessment of the children would have differed, leading to a decision to have the children testify while in the same room as the defendant. And that would have had the effect of forcing these children to testify truthfully, and that, therefore, the defendant would have been acquitted. What do we do about the Supreme Court's decision in Thunberg? Thunberg is completely different from this case. In that case, there was direct, first of all, it was a direct appeal case where the trial judge held ex parte communications without informing any of the attorneys of those communications. The information that was gathered during those communications was used in rendering a decision on the guilt of the defendant. First of all, here, I don't even believe this was an ex parte communication. The trial judge in this case informed... In Thunberg, was there a transcript of the ex parte communication? Was there a court report? No, there was not. In this case, Judge White testified that he had a court reporter there. He testified that he had a court reporter there. I do believe... There is no indication... Why is there speculation? Why didn't defense counsel, in support of the post-conviction petition, attach a transcript of the proceedings so that they could claim this question wouldn't have been asked or that question wouldn't have been asked? I believe that Judge White was an error when he stated that. How were we supposed to know that? We don't know that. How did the trial court know that? There was nothing in the trial court record or anything that suggested that there was a transcript of what... If there was a court reporter there, if there was a transcript available as to what was said. Judge White testified under oath that there were people in the room with him and one was a court reporter. He did testify to that. And that's in this record. It is. He did testify to that. And did anybody cross-examine him on that point in front of Judge Jones? Nobody cross-examined him as to that point. I just don't understand why the speculation is necessary. I had the misfortune, I think, as a prosecutor to try a number of these cases. And the speculation that if defense counsel had been in the room, somehow these kids would have been able to testify is a little far-fetched because when you have multiple people in suits and ties in a room with young children, I think Judge White did exactly what he needed to do. Have a court reporter there and ask them questions, minimizing the number of people in the room. And defense counsel certainly could have known that he might have intimidated the children. I agree wholeheartedly. And Judge White specifically said at the time that he was taking the children to question them, the reason why he was taking them to interview them was to ascertain whether they could testify in front of the defendant. Nothing more, nothing less. There's nothing to suggest there was anything else said at that interview that went to guilt or innocence or that Judge White considered anything improper here. And regarding prejudice, the ultimate conclusion that had all these levels been achieved that the children would have somehow testified differently at the trial is just totally unsubstantiated. One would have to assume, A, that they lied, or if the claim is that the children would have been so intimidated by the defendant that they would have been too afraid to testify and therefore he would have been acquitted, obviously is not what this procedure is all about. Everything suggests that the procedure used by Judge White was to ascertain whether these children could testify via closed circuit television and nothing more. The position is that there was no one else in the room and there was no court reporter. And your colleague agrees with that, is that correct? Judge White, as far as I know, there was nothing that we could find to suggest that there was, if there was a court reporter, that there were any proceedings that were available. And that no one else was in the room? No, I believe that, I don't know if Matt Guzman specifically, he was the prosecutor in the case, specifically testified as to whether he was in the room, but I don't believe he stated he was in the room, no. So is your position that Judge White did not testify truthfully under oath? No, I'm not saying he did not testify truthfully. I'm stating that he perhaps was mistaken when he thought there was a court reporter in the room, or it is correct. However, there was just no proceedings that we could find of what that court reporter took down. He says we were set up for audio, we would have had to make arrangements possibly for video. It would have been in room 404 or 405, the jury room that's in there. He was pretty specific. I believe when he was testifying, he was setting up for audio and video, he was talking about the procedure used ultimately for the in-camera inspection. In any event, again, Strickland requires a showing of prejudice. And in this case, there's never to date been a showing, and I believe that's why appellate counsel brings up the presumptive prejudice. And as the state points out in the reply brief, there's only very limited instances where there can be presumptive prejudice. In a Strickland analysis, this is simply not one of those situations. Of course, they're set forth in chronic. One of those who point out in the brief is when the defense attorney admits his client's guilt. And regarding the ex parte communication, again, the Thunberg case and the other cases that were cited by the defendant, I believe those are totally different from this case. And in the post-conviction context, courts have specifically held that when a claim is made of an ex parte communication, a showing of prejudice has to be made in that sense also. So I believe the Thunberg and Rivers cases that defendants cite are completely different because there was direct evidence on the record that the judges conducted an independent investigation and used that information in coming to a conclusion as to guilt or innocence and or at sentencing. Here, Judge White, who is presumed to have followed the law and considered evidence for its proper purpose, stated what those interviews were for. He stated it again at the evidentiary hearing. It was simply to determine whether or not the children could testify via closed-circuit television and nothing else. And there's absolutely nothing to show that he garnered any other information except to come to that conclusion. And again, I don't believe it's an ex parte communication where Judge White informed the parties as to what the procedure was that he was going to use. Everybody agreed that that was the procedure that could be used and everybody knew what was going on. This was not without disclosure. The defendant in this case just agreed to a procedure and I don't believe Ira Goldstein was ineffective in failing to object to that procedure where there's no established rules that are set to determine whether a child can testify via closed-circuit television. If somehow, if this court comes up with an opinion that said, well, maybe Judge White should have had everybody back there if he didn't, that would be the first time that that would be established law in Illinois and Judge Ira Goldstein would have not been ineffective for not following what was not the law at the time. Thank you. And I think ultimately, which goes also to the issue, if this had been raised on direct appeal, this case simply would have been held harmless, that any error would have been harmless. And we cite to the case of People v. Fletcher in our brief, which the court there found that there was a specific constitutional error where the defendant was unable to communicate with his counsel because he was not provided a radio when the children were testifying via closed-circuit television. The court found that there was a clear constitutional error in that case. However, the court found that it was harmless error where the children had given out-of-court statements to others which were admitted at trial and also where the defendant gave inculpatory statements to the police. We have both of that there. We have also the fact that there was medical evidence to support what the defendant did to these children. So if the issue had been raised on direct appeal, if Ira Goldstein had made an objection and Judge White overruled that objection and appellate counsel did take it up on appeal, I believe that that would be a clear case where any error would have been held harmless. So if there's no further questions, we're asking that this court reverse the judgment of the circuit court. Thank you very much, Ms. Griffin and Ms. Koros. Did I pronounce that correctly? Yes, sir. Good morning, Your Honors. May it please the court, counsel. My name is Vicki Koros from the State Appellate Defender's Office on behalf of Mr. Wilbert Edwards, the appellee in the state appeal. After a third-stage evidentiary hearing, the post-conviction court below correctly granted post-conviction relief where the record and the evidence showed that the trial judge privately interviewed child victims outside of the courtroom in the middle of a bench trial with no court reporter present and defense counsel did not object to this procedure. There is nothing manifestly erroneous about the post-conviction's judgment here, and that's why this court should affirm. Now, Your Honor had touched upon the fact that this court is called to review the judgment, not the reasoning, and so I agree that Judge Jones' reasoning here was faulty, but that does not disturb the ultimate conclusion here, is that there were constitutional errors, and Mr. Edwards is entitled to a new trial due to those errors. Well, not every constitutional error is automatically reversible, is it? No, that's true. However, the type of errors we have encountered in this record, they are. Again, Mr. Edwards – Let me just ask you this. If Mr. Goldstein had objected, what do you suppose would have happened then? Then there would have been, I imagine, a court reporter and defense counsel and the prosecutor present at the meetings with the children. And do you think the result of the trial would have been any different? Well, I guess my problem with the prejudice argument that the state advances is that the prejudice here is that these private interviews were unrecorded, so we don't know what happened during these interviews. And to allow a trial judge in the middle of a bench trial to take the victims aside and to talk to them with no record of the conversation or without a defense advocate present, I think that's a presumptively prejudicial error that occurs. Why do you think a court reporter wasn't present? What exists in this record for me to conclude a court reporter wasn't present? The fact that there was no record introduced. How do I know that? Is it possible that post-conviction counsel never asked the court reporter to transcribe? Never inquired as to who the court reporter might be? Honestly, Your Honor, I know the practice from our office is that we try to get every single date that we have on the record. Were you post-conviction counsel? I was not. But we do have that post-conviction record as the same one that was on direct appeal, which was handled by another. I know there's not a transcript in the record, but I know Judge White testified under Oak. There was a court reporter there, and he was not cross-examined on that point. Right. However, if you remember, Judge White was testifying 10 years later. He had presided over dozens of trials in between that time. He was a very experienced trial court judge, a very well-respected trial court judge. That's true. That's true. But, again, there's... You know, I've known one who's broke for a number of years, too, and you don't walk into chambers with a child without a court reporter present. It just doesn't happen. Well, Your Honor, the state has already... It doesn't happen. I understand that. I had a hard time believing that Judge White was mistaken. Right. However, the trial judge, I mean, I'm sorry, the post-conviction judge here, Judge Jones, was in a position to believe Judge White or not believe him, and I think the conclusion, her ultimate conclusion, that there was a constitutional error goes to finding Judge White incredible. And we have to... Did she find there wasn't a court reporter present? She did not make a specific finding, however... It wasn't that Ira Goldstein didn't make an objection. Correct. And I'd have to go back to the record... It was based on the record. Correct. Right. The idea that a trial judge taking the children back to talk to them... Right, but the fact that... This is all speculation on your part. I don't think so, Your Honor, because, again, I think... As an officer of the court, have you done research to determine that there was not a court reporter there? I am trusting our direct appeal, the office that handled the direct appeal, to have ordered every single transcript that appears on the record as there being someone, a court reporter there present and transcribing the conversation.  I know Justice Litton has a question. Okay. Sure. Respond to the prejudice argument. You were about to do that, actually. I'm sorry, to the prejudice argument? Yes. Or the lack of evidence, whatever. Right. And I agree there was no actual prejudice presented to the post-conviction court. But, again, I think this kind of error is presumptively prejudicial. And the Illinois Supreme Court has already recognized that any inquiry outside of open court and outside the presence of the defendant is prejudicial error. And that a defendant is not required to resort to extraneous proof to show that he has been prejudiced. Yes, this is Thunberg quoting Rivers. So I believe this is the kind of error where we have to presume prejudice. Also, the State hasn't really challenged our analogy that speaking to these child victims out of the presence of counsel and without a record is like the practice of presuming prejudice in cases where there's a public trial violation. Right? We don't know what would have been different in those circumstances. And it's practically impossible to prove prejudice in those circumstances. And yet, we presume prejudice because the error is just so brave and so undermines the integrity of the process and the fairness of the process. Again, it's the fact that these interviews were unrecorded. And I believe that Judge Jones made an implicit finding that they were unrecorded in order to have this error rise to the level of a prejudicial error, a constitutional error requiring a new trial. Let me ask you, did anybody else on this subject at the post-conviction hearing, did anybody else other than Judge White testify as to, for example, the court reporter or even the defense attorney who said, I saw Judge White go in this room with the kids and only the kids? I believe Judge White was the one who testified. But also, Mr. Edwards testified that he was never in the same room with the children. And I think his mother may have also testified that she had heard that the judge talked to the child victims as well. As to whether or not there was a court reporter, there's, again, I think in this case we have to... Excuse me, she testified that she heard Judge White talk to the child victims? Right, yes. So she didn't have to be present? How could she hear it if she wasn't there? That's true, Your Honor. So I guess we don't have any direct evidence of whether or not there was a court reporter there or not. But I think the silence of the record here, we have to make that conclusion that there was no court reporter. And again... Well, does there have to be a court reporter? Or does there just... Or what if defense counsel or somebody else, somebody else in the district, does the law require a court reporter for that? I think the law does require, I think under rules of judicial conduct and other, the cases that were cited in the brief that require, that prohibit these kind of ex parte communications because they infringe on a defendant's right to due process, the right to confront, and the right to an open court, an open trial. I think those should come into play in the statute. The state's correct. The statute doesn't have an outline of what the judge is supposed to do under the circumstances when they're going to determine whether or not the child is going to testify in the courtroom or by closed circuit TV. But again, the fact that the statute doesn't say, make sure you don't violate your rules of judicial conduct or make sure you remember the defendant's constitutional rights, I don't think the statute authorizes the court to just forget all those rules and those rights. And again, the state actually points to the federal rule, which kind of mirrors what we have here in Illinois. But interestingly, the federal system, the statute does make explicit that any questioning has to be between the judge and the child victims has to be on the record with the prosecutor and defense counsel present. So I think that federal rule just underscores the improper procedure that was carried out by Judge White in this case. And you don't think Judge White had any other person in the room, such as the child's parent or a court advocate, a CASA advocate? Do you think he just walked out, grabbed the children by the hand, and took them back into the chambers? I agree that sounds very unsettling if that's what happened. However, there is nothing in the record to suggest that anything but that happened. And again, we're here as the appellee. So the judge made these findings, but there was a constitutional error here. And so with that, we have to assume that it was, in fact, the judge privately talking to the victims without anybody there, without any means of recording it. And counsel was asleep at the wheel by not objecting to that and making sure he was in there or there was some way of recording these conversations to know exactly what was elicited, what was volunteered by the children, and whether there were any other problems with those interviews. I just briefly want to talk about two cases that the state mentions in their reply brief, and we don't get a chance to file this reply brief. The state mentions Moffat and Klein as cases requiring actual prejudice. However, those cases are distinguishable. I guess I'll get to the point is that in both cases, there was actually a record made of what the communication that was being challenged was. So in Moffat, it was the judge talking to his son, and the defendant challenged that as being next party conversation. But the defendant never explained, did not have any, there was no evidence whether or not the judge and his son were actually talking about the defendant's case. And the son, who was an assistant cease attorney, was not even assigned to the case or even the same unit that was trying the defendant's case. So in Moffat, there was no evidence that there was any interest in the conversation and whether it went back to the defendant's case or not. And in Kleiner, it was a communication between a judge with the jury, and the judge was basically responding to the jury's notes ex parte, without the defendant's presence. But in that case, the reviewing court had the notes to look at, so you knew the substance of the conversation. And that's where you can determine prejudices, by actually looking at what was communicated back and forth. In this case, we don't know. We don't know what was asked, what was answered. And I think the state is incorrect in suggesting that there's no evidence that anything besides the closed circuit nature of testimony was elicited during these interviews, because Judge White actually says that while he's interviewing the victims, he decides that he disqualifies one from testifying. So one of the children is not allowed to testify, and the judge also mentions how one of the victims displayed anger so that he had to talk to that child again later. So again, we're getting a sense that they weren't just talking about whether or not their presence in the courtroom would adversely affect them. I think we're dealing with child victims, we're dealing with very sensitive issues, so I don't think we can say that their conversations were just sticking to that when the record reveals that because of these conversations, Judge White was able to disqualify one of the victims and then comment on the other victim's anger. So, thank you. So, and again, as far as the reasoning, looking at the judgment and not the reasoning, Mr. Edwards actually raised this error as both plain error and ineffective assistance of counsel. So this court could find either that there was plain error or there was ineffective assistance in order to affirm the court's judgment that there was, in fact, that Mr. Edwards was, his constitutional rights were substantially violated in this case, so that post-conviction relief was warranted in a new trial. So if this court doesn't have any more questions, thank you. All right. Thank you, Ms. Gruss. And Ms. Griffin. Regarding counsel's suggestion that there is something to suggest that Judge White had any conversations with the children about anything other than whether they be allowed to testify, whether they could testify in front of their molesters, simply not borne out by the record, Judge White specifically stated that that was what his inquiry was, and he stated that again at the evidentiary hearing. If post-conviction counsel wanted to find out if anything else was addressed during those conversations with the child, with the children, he could have asked Judge White at the evidentiary hearing what he specifically talked to the children about. If he talked to them about anything else than whether they could testify in front of the defendant, he could have asked. To suggest that because one of the children became angry during this inquiry does not suggest that anything else was discussed than whether he could testify in front of the defendant. Perhaps he got angry when the suggestion was made that he would be able to testify in front of the defendant. And that's what makes this clearly within the Moffitt case. There was a record there of what communication had transpired. Here there is a record of the communication that transpired. Judge White testified as to that. If this Court does review this under a manifestly erroneous standard, that standard has been met in this case. We believe that the ruling in this case that counsel was ineffective for failing to object to a procedure that Judge Jones did not even find was error is a manifestly erroneous decision. Regarding the right to confrontation or the right to a public trial, Judge Jones also found that that was not implicated also. And to suggest that the communication with the children to ascertain whether they would be able to testify in front of the defendant should have been held publicly would defeat the purpose of the statute. If the defendant is to be allowed to sit in the procedure where it's to be determined if they can testify in front of him would not make any sense whatsoever. And of course the federal rules, which are different from Illinois, specifically find that these types of in-camera inspections can be done when determining whether the children should be allowed to testify via closed-circuit television. Yes, the federal rules do have in their rules specifically that a court reporter is supposed to be present, that the defense attorney should be present. Illinois simply does not include that in the procedure to be used. And in fact, at least one case has held that a hearing does not even have to be held in determining whether children should be allowed to testify via closed-circuit. The trial judge basically can assume that a child will be harmed in testifying in front of their molester if the state makes a request and basically sets forth that they will. So the federal rules don't give us guidance except to the extent that this particular procedure does not violate the right to a public trial and does not obviously violate the right to confront one's witnesses, as I believe was specifically stated in the Craig v. Maryland case, which also held that these type of allowing a child to testify via closed-circuit television is to arrive at the truth and allow the truth to come forth. Thank you. And I believe that that's exactly what occurred in this case, that the statute which allows for closed-circuit testimony was complied with, that that's all that was discussed between Judge White and the children, and that the children were then allowed to testify and then we came to the truth, that being that the defendant was guilty of these offenses against the children. So we'd ask that this court reverse the child court's post-conviction court's determination. Thank you very much, Ms. Griffin, and thank you both for your arguments today. We're going to take this matter under advisement. It affects you with a written disposition.